The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. Ms. Vann, we're pleased to hear from you. Good morning, and may it please the Court. To comply with Section 2254B's exhaustion requirement and avoid procedural default in a habeas proceeding, a prisoner must provide the state court with a fair opportunity to apply the controlling legal principles to the facts bearing upon his constitutional claim. The question before this Court is whether Moore's state post-conviction counsel's failure to present any facts bearing upon his claim to the state court satisfied this fair presentation requirement. The district court held that it did and relied on that finding to exclude substantial evidence presented for the first time in Moore's federal habeas proceedings. This was error as it ignored the material differences between the allegations and proof presented to the state and federal courts and cannot be squared with the Supreme Court or this Court's precedent. Therefore, the judgment of the district court should be reversed and the case should be remanded for an evidentiary hearing. Moore presented a claim of ineffective assistance of counsel for failure to call a crime scene expert in the state court. However, that claim was not fairly presented and was procedurally defaulted. Fair presentation requires presentation of both the operative facts and the controlling legal principles. The state court PCR counsel failed to present any of the operative facts and did not even plead all of the operative facts in their PCR application. They pled only that counsel should have called a crime scene expert but did not plead what that expert would have actually been able to testify to. And so there was no evidence or even pleading in the record for the state court to make a ruling on ineffective assistance of counsel or on especially prejudice. So you maintain that there was error because the trial court didn't consider the new evidence regarding this ineffectiveness of counsel? That is correct. In the PCR hearing, they presented no evidence of what an expert could have testified to, though the claim was that trial counsel should have called an expert. In the federal habeas proceedings, through our investigation, we were able to consult with an expert qualified in crime scene reconstruction who provided a declaration that was presented to the district court. In that PCR hearing, the state PCR counsel did raise the ineffective assistance of counsel claims, both of them, and the court devoted quite a few pages to that. Yes, but ultimately the court found that there was no evidence because the person that they presented at the PCR hearing on the crime scene evidence was not qualified to offer an opinion on crime scene evidence. He was merely a crime scene investigator, so he was the person who would go around and catalog the evidence at the scene. But he had no expertise and no basis for opining on what that evidence meant. And so the state PCR court ruled that Paul Dorman's testimony was not credible because he was not an expert. His testimony would not have been admissible at trial. Wasn't the basic claim raised in the state PCR court of ineffective assistance of trial counsel and ineffective assistance of sentencing counsel? Yes, the basic claim was raised, but that's not what the requirement is. The requirement of fair presentation requires that both the controlling legal principles and... Wasn't the deficiency of counsel that was identified that there was not adequate mitigating evidence introduced, for example, in sentencing? And that there was sort of inadequate preparation and cross-examination of the state's evidence at trial? That was the core of the claims, was it not? That was the claims that were pled in the state PCR application, but again, the application doesn't even provide any facts that could have been provided. So this court has found that a failure to investigate claim requires evidence of what that investigation would overturn and what could be presented. Why wasn't the federal habeas proceeding, in essence, little more than an elaboration rather than a fundamental alteration of the claims raised at the state PCR level? Well, I mean, this is how Judge Diaz's Gray decision seems on point in the Supreme Court's decisions, and I guess it's Pen Holzer and Martinez, that if we're not going to pay sufficient deference to the Supreme Court, there has to be some sort of fundamental alteration. And I would distinguish an elaboration from a fundamental alteration. I agree. However, this court's precedent requires that when the critical evidence is presented for the first time to the federal court, and this is from the court's decision in Wise, it cannot be said that the petitioner fairly presented that claim to the state courts or presented the substance of the claim. And so that's what we're saying here, is that in the state court, Moore's PCR counsel did not present any evidence in support of their claims. And so this is different from the case that was ruled on in Gray, where Gray's counsel presented significant evidence in the state court in support of their ineffective assistance of sentencing phase counsel, and then simply added another affidavit from an expert in the federal habeas proceedings. That's not what happened here. What happened here is PCR counsel basically made a very bare pleading of ineffective assistance of trial counsel, but then failed to support it with any facts. So this case is really more. Can I back up just a second? I understand your argument in essence to be Martinez, which is a case where the claim was not raised at all on PCR, allows sort of cause and prejudice for ineffectiveness and failure to raise that claim. So that seems like Martinez. You're telling us to extend Martinez to this separate case, maybe logically so, of where the claim is raised, pled correctly, but just not factual development was made. I disagree. I don't think that this is an extension of Martinez. Martinez says that where there is a procedural default in the state court because the claim was not presented, then you could overcome that procedural default because of state PCR counsel's ineffective assistance. There's the this court has long before Martinez has precedent determining what is fairly presented to the state court. And fair presentation requires both the operative facts and controlling legal principles be presented to the state court. I understand the logic. Your point is one of logic. I'm not disagreeing with you. But the factual context of Martinez differs here because Martinez, the claim wasn't raised at all here. It was raised, but not factually developed. And I understand the logical connection you're making. And it's a very logical one. I'm not disputing that. What I want you to answer for me is in that context, what do I do with 2254E2? Right. Which is the provision that tells us where the facts aren't developed in the state court. They can only be held in an evidentiary hearing in federal court if certain conditions are met. And I assume you concede those conditions could not be met here and argue that E2 doesn't apply. But why? I believe that new evidence could be considered even with despite E2, because without considering additional evidence on a claim, Martinez would be a dead letter. If you can't present evidence in federal court to prove that PCR counsel were ineffective and that the underlying claim has substantial merit, then Martinez really doesn't mean anything. No, but that goes back to my earlier distinction. What Martinez would still mean is if there was no claim made in state court, then E2 doesn't apply. E2 applies only to claims that were made. The legal argument was made, but the factual argument wasn't developed. So E2 wouldn't read Martinez out at all. That implication is not available in your case where the factual record wasn't developed merely because there's a statutory provision that provides what cause and prejudice looks like. I mean, the statute defines cause and prejudice in E2, where in Martinez there was no statutory definition, so the court was free to fill that in. But I don't understand how we get around, or I want you to help me understand getting around E2 in this scenario that you've got, right? Where the applicant has failed to develop the factual basis of a state court proceeding, right? In the state court proceeding, they failed to do that. Why isn't this the cause and prejudice test that we're applying as opposed to one that's, you know, sort of made up by judges? Well, Martinez is an equitable provision where if PCR counts are ineffective, you can't hold the petitioner at fault for failing to develop the claims in state court. Exactly, but the point of that is that Martinez is equitable, but what equity doesn't do is trump the plain language of the governing statute. Equity allows us to fill in, so that's what Martinez is about, right? Listen, it's silent about this, 2254 is silent about the scenario where the trial court just failed to raise it at all, just totally missed the boat, right? That makes sense to me because the statute is silent, and so the court in Martinez can fill that gap, right? That's what Martinez does, but you've got a different scenario here because you've got a case where they raised the claim, but they failed, I mean, by the language. They failed to develop the factual basis, and so given that we've got a clear statutory command, why would we extend the equitable cause and prejudice analysis from Martinez? Well, I disagree with maybe the underlying logic here in that if a claim is fundamentally altered in federal court, then that claim by definition was not fairly presented and was not raised in state court. And so the claim that was raised here in federal court is a claim that is not the same as what PCR counsel attempted to raise. No, it's really the point that my good colleague is raising is that you fail to develop a claim in the state PCR court to the maximum extent that you think it, with the advantage of hindsight in the federal habeas proceeding, that it could have been developed. And you say, well, I have some additional experts that are willing to testify on my side of things, but if every added piece of evidence in a federal habeas proceeding is enough to affect a fundamental alteration, then we've essentially wiped out much of the meaning of 2254D, and what you're going to have is a, you're going to override Congress's desire in that statute to pay some respect to state court adjudications, and you'd override the Supreme Court's admonitions that there has to be some element of finality to these kind of things, which there would not be if every added piece of evidence effectuated a fundamental alteration. And so, given the statute, given Penholster and Martinez, I think you've got a very difficult bar to overcome. Now, one of the things that always concerns me in a capital case was how carefully did the PCR court handle it and how carefully did the district court handle it, because these are capital proceedings, and they are very, very important to do right. But here, you have an extremely, I think, conscientious state PCR court and state court system and a very conscientious district judge who looked at these things and didn't just give it the back of their hand, and explained in great detail why this was not a fundamental alteration, and they followed their earlier grade decision. So, I just think you're making a good argument, but it's a very high bar. It's a very high bar. Those precedents have piled up against you, and it's just a tough case. Well, I agree that there will be some close cases. You mentioned that if every time you add any more evidence, that could be an argument of fundamental alteration, but this isn't one of those cases. In Winston, this court said that if a petitioner presented no evidence to the state court to establish the existence of fact X, that claim will be fundamentally altered by new evidence presented in the district court, and that's what happened here. State court presented no evidence in support of the fact that trial counsel were ineffective for failing to call a crime scene expert. We presented that evidence in the district court, and so that is, under Winston and under Wise, a fundamental alteration. I think the district court misinterpreted those precedents by relying just on that single sentence from the court's decision in Gray. The Gray case, like I said, is clearly distinguishable from this case because there was evidence of fact X presented in state court, and then they just added to it in federal court. Because that's not what happened here, I think it's more consistent with this court's precedent. You've said a couple of times. I just want to make sure I'm following. You said several times they did not present any facts. They did not plead or present facts. They had no facts. Does your argument really turn on that idea? If we disagreed with that premise, in other words, and assume we got past the E-2 hurdle and we were in this sort of fundamentally altered world, does your case really turn on that distinction that if we found they presented some evidence, maybe it wasn't really great, but they presented some evidence, you keep saying no evidence. I'm not sure the record exactly supports that, and so I just want to know whether that's the rub for you. Well, I think that's what the state court found is that Moore did not satisfy his burden because he did not call an expert to say what an expert would testify to. Right. That's required under state law. But it wasn't no evidence, right? I mean, that's the distinction. Well, it's no competent evidence. Well, it wasn't compelling evidence, right? But it was evidence, right? And he says that's not enough, but, I mean, the question I've got is, does your argument depend on us concluding that the failure to call an expert as opposed to a CSI guy, that that means they presented no evidence at all? Well, I think this course precedent does say no evidence, but it also recognizes that if the critical evidence is presented for the first time in federal court, then that fundamentally alters the claim. Here, certainly the critical evidence was what would an expert be able to testify to, and that was not presented in the state PCR court.  Thank you. Mr. Slater, we're happy to hear from you. Thank you, Your Honor. Good morning. May it please the Court. It is the Respondent's position that the first two claims are an improper effort to extend Martinez to end-run penholster as well as the limitation review under 2054D and to end-run the requirement under E2. Did you make that argument anywhere, that E2 limits, that E2 applies even at all? No, sir, I did not. I did not, but the reason I did not is because I think it matters resolved by the state court record that it's not a fundamentally altered claim, that it's essentially the same claim that has been augmented by the evidence presented. There wasn't a complete failure. What is the interplay between 2254D and 2454E2? And you indicated that you did not make this argument. This argument was all coming from the bench at this point. I didn't see it anywhere either. Why did you not, and what is the interplay of that? I did not think it was necessary, Your Honor. I think a lot of this can be resolved by looking at what trial counsel did. Separate and apart from what PCR counsel did, the claim was trial counsel failed to, the first claim being that trial counsel failed to properly The question really is, does it apply in the context that Judge Richardson has described here, the 2454E2? That's fundamental. It's a very important point. I think it would, but the problem that Mr. Moore would have would be that he can't meet any of the predicate requirements under E2. There's not a new claim of federal constitutional law that's been declared to be held retroactive. There's not new facts. In fact, that was the point I was getting ready to make. I thought what you were going to say in response to Judge Wynn's question was we surely thought of the E2 argument, but it's foreclosed by Gray v. Zook. Where Gray v. Zook does, in fact, extend Martinez exactly as counsel, your friend has suggested, to the scenario where the factual record isn't enough. And what Gray v. Zook teaches us, whatever we might think about first principles, that in the Fourth Circuit, we apply the fundamentally altered test. Correct. And so this argument, while it may be interesting, is foreclosed by Gray v. Zook. Yes, sir. Do you agree with that? Yes, sir, I do. I guess I didn't think of E2 because I thought it was foreclosed, anything was foreclosed by Gray v. Zook. And the idea that this is a fundamentally altered claim ignores that all they've really done in raising this claim is take what trial counsel elicited at trial through cross-examination of Mr. Dorman that wasn't objected to and counsel's closing argument. And I would refer the court to pages 2753 to 54, which is counsel's cross-examination, and closing argument on 2989 through 2993. What counsel established through cross-examination of Mr. Dorman was that at least three shots were fired from behind the counter towards the customer side of the counter. One of these ricocheted off of a video poker machine and went out into the parking lot. Another one went through the paper bag that was found on the counter that had Mr. Moore's blood on it. They also elicited that Mr. Moore could not have seen the .45 that was behind the counter until Mr. Mahoney raised it. So, therefore, what they were able to do at trial was to elicit testimony that was consistent with the version that Mr. Moore subsequently testified to in PCR. If the state PCR counsel made an argument that expert witnesses were necessary but did not introduce or provide any such witnesses, is that some indication that the claim has been fundamentally altered, that he has a fundamentally altered claim by the introduction of such evidence at a later point? Well, no, CR. The way the claim was written was written in the alternative. It was the failure to present evidence to rebut the state's physical evidence. Alternatively, failure to put up an expert. While Mr. Dorman was not an expert, he did give his opinion and was allowed to give his opinion on redirected examination, in which he testified that the physical evidence was consistent with Mr. Moore's version of what occurred as testified to. But the counsel didn't, you know, I guess the question is how can we say it is fairly presented if none of the petitioner's counsel until now provided any real evidence to support his version of the events? I mean, up until then, there was nothing supporting his version, and then the later counsel does present it. Well, with all due respect, I take the position the counsel did. The evidence induced at trial was competent evidence. There was no objection by the state like there was in the post-conviction relief proceedings that Mr. Dorman wasn't qualified to give that testimony. Counsel relied upon it. The jury considered it. It was rejected. There can't be any prejudices. I guess the bottom line of my argument, there can't be any prejudice because of what counsel did at trial. Now, in a state court, and I apologize for my lack of knowledge about state PCR hearings, but does the sort of federal-like Daubert 702 rules about experts apply strictly in a PCR context? It does apply. Our rule is a little bit different. But it's a similar version. It's a similar version. Yes, sir, Your Honor. Tell me how it applies. You're saying Daubert applies in the introduction of expert witnesses on behalf of a defendant in a case like this? Our rule is different than Daubert. Tell me about that because I'm interested to hear that one. I apologize. This is not a civil case. No. Well, it actually is a civil case, Your Honor. So it has civil characteristics in terms of how they present the expert testimony here. So do all the civil procedural rules apply as far as Daubert? Yes, sir. Again, civil rules apply. Our civil rules apply. Yes, sir, Your Honor. But none of that precluded introduction of these evidence. That was not the trial court's reason for not presenting the allowing the expert at a later time. It was that the claim had already been presented, and this could have come earlier. I'm sorry. I lost you, Your Honor. I'm sorry. In other words, the counsel attempted to bring these expert witnesses at another time. What precluded them from doing so? Nothing. My problem, I guess my problem. It wasn't Daubert is what I'm saying. No, sir. Okay. That brings up an interesting point, though. They have shown that counsel didn't present the expert. What they haven't shown is the reason why. There's argument as to the reason why, but there's no evidence. There's no affidavit from counsel, PCR counsel, as to why they denied it. But is it an issue of reason why they didn't present it or did the failure to present it and now the presentation of these experts indicate that this is a fundamental alteration? Well, in order to show a fundamental alteration, I think you would have to show ineffectiveness on the part of post-conviction relief counsel. And you can't presuppose ineffectiveness from a silent record. The language in Strickland is to the effect that we have a strong presumption of reasonable performance by counsel. In Burt v. Titlow, the court ruled that that is not overcome by a silent record, which is what we have here. And as I was saying, there was no affidavit from post-conviction relief counsel. I just want to make sure I'm understanding what you're saying. State PCR, did they have an expert? They apparently had an expert. When you say apparently, that apparently doesn't help me. Did they have an expert or not, or do you not know? They, again, I said- What is the record evidence to suggest that state PCR had a- I don't have the page number right in front of me. However, there is language to the effect. The judge asked counsel about a man from Georgia. Are you going to present him? And they said, no, we're not going to present him now. And the judge presumably would know about the man from Georgia because he was signing vouchers. Correct. Making payments. And I would not necessarily have known if they had not disclosed him if he was a consulting expert. Perfectly true. And your argument to that effect is that's a suggestion that they had an expert and chose not to call that expert- For reasons- For reasons that we don't know, but we can't assume that that's ineffective assistance. Correct. Even if we got past the fundamentally altered point, you still have to show that it was ineffectiveness by the trial counsel- Correct. In order to meet Martinez. Correct. And I don't believe you can. And as far as their affidavits are concerned, again, their affidavits are nothing more than what counsel did on cross-examination on Mr. Dorman and what counsel argued, put in affidavit form. And one of these affidavits is by an individual that was consulted by trial counsel who gave him a completely different opinion. Does our decision in Gray just decide this case? Yes, sir. I mean, you could basically get up and say, just follow Gray and that would be it? Yes, sir. I think we can. Yes, sir. What do you need to add to that, then? I don't know that I need to add much. I think the claims were not fundamentally altered. They were exhausted because a reasonable prior fact could find in operative facts for both claims in the record. This is not a case like Matthews v. Abbott or the Moses v. Branker that they rely upon. So the bottom line is Gray is just on all fours in your view. Yes, sir. Deciding this case. Yes, sir. It is. I think that this, and this is, I mean, this is not- So, again, what do you need to add to that? Again, I don't think I need to add much. The answer is nothing. Correct. Thank you. Thank you. Thank you very much. Ms. Vann, you have some rebuttal time. Briefly, Your Honors, I don't think Gray can decide this case. Gray is not a change in the longstanding principles of requiring fair presentation to a state court. Decades' worth of habeas law has been written by this court requiring that both the operative facts and the controlling legal principles be presented to the state court. That did not happen here. The claim was procedurally defaulted- It wasn't presented at trial. And that doesn't- We need to be very cautious in allowing additional evidence to effectuate a fundamental alteration for all kinds of reasons. We've spelled them out here, the statute and the precedent and everything else. And we'd be really creating a riptide in our own case law to try to trim back and qualify Gray. And it's not your fault. It's just a big boulder in the road. Well, respectfully, I disagree. I think applying this court's precedent from Wise and Moses v. Branker really does apply here and shows that the claims were procedurally defaulted. Just to discuss the facts that Mr. Salter was raising, in federal habeas, we did present pleadings explaining that PCR counsel had consulted with an expert. That expert stopped returning their calls. And rather than get another expert or ask for a continuance, they just went ahead. And so we have asked for a hearing- Is that in the record? Yes, it's in our pleadings. It's in our traverse to their motion for summary judgment. And so we asked for a hearing under Martinez. So it's in your- but it's not in the- there's no, like, actual evidence of that in the record, I guess. You've made that allegation. We have made that allegation that based on our investigation, this is what we determined. And so we requested a hearing to call PCR counsel to have them be able to testify to what actually happened and whether they were- and make a determination in the district court of whether they were ineffective. And just for sort of order of decision purposes, that only would apply- we would only get to the question of whether counsel was ineffective if we get past the sort of fundamentally altered point of Martinez. Yes, Your Honor. Thank you, Your Honors. We thank you. And I see that you're court-appointed, Ms. Vann. Yes, Your Honor. I want to express the appreciation of the court for your services and the able manner in which you argued the case. Thank you. Absolutely. Thank you. We'll come down to brief counsel and head into our next case.
judges: J. Harvie Wilkinson III, James A. Wynn Jr., Julius N. Richardson